UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RICARDO LINAREZ-ANDRADE (.a.k.a.
Ricardo Linares-Andrade),

        Petitioner,        3:13-cv-01073-AA

       v.           ORDER

ERIC HOLDER, et al.,

        Respondents.

AIKEN, District Judge.

Petitioner filed a "Petition for hearing on determination of Naturalization Application" pursuant to INA Section 336(b) and Title 8 U.S.C. 1447(b). Alternatively, petitioner alleges that his application has already been adjudicated and seeks relief pursuant to Title 28 U.S.C. § 1361, (the "Mandamus Act"), and Title 5 U.S.C. §§ 551-706 the Administrative Procedures Act.

Respondent moves to dismiss for lack of jurisdiction (#15).

The relevant facts are as follows: Plaintiff is a citizen

1 - ORDER

of Mexico who became a lawful permanent resident of the United States in 1996. Certified Administrative Record ("CAR", p. 5. Plaintiff filed an Application for Naturalization (Form N-400) on July 5, 2005. *Id*. Plaintiff was convicted of racketeering on April 7, 2008 and sentenced to 24 months imprisonment. *Id*. Plaintiff was ordered removed by an Immigration Judg on November 4, 2008, and he was removed on November 8, 2008.

The United States Citizenship and Immigration Service (USCIS) denied plaintiff's naturalization application on December 28, 2009. *Id*. at 4. The decision was sent to plaintiff's last known address but returned with "no mail receptacle, return to sender." *Id*. at 6. The record indicats that the decision was also sent to petitioner's counsel at the time. *Id*. at 4.

On April 30, 2013, petitioner made a telephone inquiry to USCIS about the status of his N-400. He was sent another copy of the denial at the address given with the inquiry but it was returned "no such number, unable to forward." *Id*. at 3.

Petitioner alleges in his petition that the court has jurisdiction over his application for naturalization under 8 U.S.C. 1447(b). However, in his opposition to respondents' motion to dismiss, petitioner acknowledges that § 1447(b) does not provide a proper jurisdictional basis because the USCIS has already adjudicated his naturalization application.

Petitioner contends that the court has jurisdiction under 8 U.S.C. § 1421(c).

> Title 8 U.S.C. § 1421© provides:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo and shall, at the request of the petitioner, conduct a hearing de novo on the application.

Thus district court jurisdiction over naturalization applications is specifically limited to applications which have been denied "after a hearing before an immigration officer" under 8 U.S.C. § 1447(a). This hearing is an administrative appeal of naturalization applications initially denied by USCIS. *See*, 8 U.S.C. § 1447(a). Plaintiff has not filed a request for such a hearing.

This court lacks jurisdiction over the petition because an administrative appeal hearing is a prerequisite to district court jurisdiction under 8 U.S.C. § 1421©. *See*, <u>United States v. Hov3sepian</u>, 307 F.3d 922, 932 (9th Cir. 2002); *see also*, <u>Aparicio v. Blakeway</u>, 302 F.3d 437, 440 (5th Cir. 2002).

Respondents' Motion to Dismiss (#14) is allowed. Petitioner Petition (#1) is denied. Petitioner's Emergency Motion for Stay of Deportation (#19) is denied as moot. The Clerk of the Court is directed to enter a judgment dismissing

this proceeding.

DATED this /5 day of January, 2014

Ann Aiken
United State District Judge